**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JANICE WALKER, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-1251-N-BH |
| | ) | |
| DALLAS COUNTY TEXAS, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. The Court recommend that this case be dismissed for want of prosecution.

**I. BACKGROUND**

Plaintiff filed this case and moved to proceed *in forma pauperis* on June 28, 2010. On July 1, 2010, the Court sent her a Magistrate Judge's Questionnaire ("MJQ") and an Additional Financial Information Questionnaire ("AFIQ") to obtain more information about her claims and financial status. Both documents expressly directed her to answer the questions and return the answers within thirty days. Both warned that failure to file answers within thirty days could result in the dismissal of the case. More than thirty days have passed, but Plaintiff has not filed answers to the MJQ or the AFIQ. This shows that she does not intend to prosecute this action.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid

congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Plaintiff failed to file answers to questionnaires to obtain more information about her case and financial status. This shows that she does not intend to proceed with this case, and it should be dismissed without prejudice for failure to prosecute.

### III. RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED** on this 4th day of August, 2010.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2